IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

v.                                         CIV 00-777 BB/KBM
                                             CR 96-611 BB

MARIANO HERNANDEZ-MUNIZ,

        Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion to Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody Pursuant To 28 U.S.C. § 2255, *Doc. 1,* and his Motion To Amend And Supplement Pursuant [To] Rule 15(d), *Doc. 6.* Because it is possible to resolve the issues on the pleadings, I find that an evidentiary hearing is not necessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *petition for cert. filed 5/10/00;* Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255.* Having considered the arguments, pleadings, and relevant law, I recommend granting the motion to amend to add an *Apprendi* claim. For the reasons set forth in the United States' responses, however, I find Defendant's Section 2255 motion to be without merit and recommend that it be denied.

### I.  Background and the Original § 2255 Claims

The factual and procedural background are fully set forth in materials attached to the United State's Answer and will not be reiterated in detail here. *See Doc. 4.* Defendant and his co-defendant Robert Abbud were stopped at a border checkpoint. After consenting to a canine

"inspection," approximately five pounds of cocaine were found in the bumper of the car in which

they were traveling.  At the scene, Abbud told officers that although Defendant provided the car,

he had nothing to do with the drugs.  Defendant said the car belonged to Abbud and that he did

not know Abbud well.  The two were arrested and subsequently indicted for possession with

intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), 21

U.S.C. § 841(b)(1)(B), and 18 U.S.C. § 2.  For that amount of cocaine, the penalty section

imposes a mandatory minimum sentence of five years, a maximum sentence of forty years, and a

mandatory minimum period of supervised release of four years. *See* 21 U.S.C. § 841(b)(1)(B).

Abbud pled guilty and testified  at Defendant's trial.  Abbud indicated that Defendant

planned the crime, hid the drugs in the bumper, and supplied the car.  Abbud testified that he

agreed to accompany Hernandez-Muniz in exchange for erasing a drug debt, and Abbud's family

corroborated certain aspects of his testimony.  Defendant chose not to testify and was convicted

by the jury.  District Judge Bruce D. Black sentenced him in the middle of the applicable

Guideline range – to seven years imprisonment followed by a four-year term of supervised release.

Following an unsuccessful direct appeal, *see United States v. Hernandez-Muniz,* 170 F.3d 1007

(10th Cir. 1999), Defendant filed the present motion for relief under § 2255 which raised the two

claims addressed below.

## A.  Prosecutorial Misconduct

Defendant argues that the prosecution failed to disclose to him  "favorable" and

"exculpatory" evidence – specifically, that Abbud and members of his family were going to testify.

*See Doc 1; Doc. 5 at 2.*  However, that evidence could only be reasonably characterized as both

damaging and inculpatory, not exculpatory.

Moreover, as noted in the Tenth Circuit's affirmance of Defendant's conviction, "there is no general constitutional right to discovery in a criminal case." *Hernandez-Muniz,* 170 F.3d at 1010 (internal quotations omitted).  In a non-capital case, a defendant "has no right to discovery lists of prospective government witnesses." *United States v. Metropolitan Enterprises,* 728 F.2d 444, 451 (10th Cir. 1984); *see also e.g., United States v. Russell,* 109 F.3d 1503 (10th Cir.), *cert. denied,* 521 U.S. 1126 (1997); *United States v. Seasholtz,* 435 F.2d 4, 7 (10th Cir. 1970).  Even so, the record reflects that the government's witness list, which included the Abbud's, was actually filed and faxed to counsel on May 23, 1997 (a Friday) and the trial began on May 28, 1997 (the following Wednesday).  *See Answer, Exhs. 5, 6.*  Therefore, this claim is without merit.

## B.  Ineffective Assistance of Counsel

On a variation of the same theme, Defendant acknowledges that his attorney had the government's witness list, but argues that his attorney was ineffective in failing to let him know who the government intended to call.  For purposes of this analysis, I will assume that Defendant did not know the Abbud family would testify until they took the stand.   Hernandez-Muniz asserts that had he known Abbud and his family members were going to testify, he would not have gone to trial and would have pled guilty to a reduced sentence.  *See Docs. 1, 5.*

Yet Defendant's assertion that knowledge of their testimony would have caused him to plead guilty is diametrically opposed to the position he took at his sentencing hearing.  There, Defendant continued to maintain his innocence and asked Judge Black for a new trial.  *Doc. 4, Exh 7 at 5-6* ("I'm innocent of all the charges against me. . . .   I ask you for the opportunity to reopen my case . . . so that I can prove my innocence").

3

Defendant's change of heart presents the classic case where

> [r]epentance born of a failed trial or sentencing strategy can often
> be turned against defense counsel [and] [w]e recognize that such
> criticism is often converted into a challenge asserting inadequate
> assistance. Thus, we look for genuine -- rather than perceived --
> ineffectiveness of counsel.

*Rogers v. United States,* 91 F.3d 1388, 1392 (10th Cir. 1996).  Even assuming that counsel's

conduct could somehow be found ineffective, Defendant's conclusory and contradictory assertion

that he would have pleaded guilty is nonetheless insufficient to establish prejudice.  This Court

cannot "set aside a conviction or a sentence solely because the outcome would have been different

absent counsel's deficient performance. . . .   Instead, in order to establish the required prejudice,

a defendant must demonstrate that counsel's deficient performance rendered the proceeding

fundamentally unfair or unreliable."  *Id.* (internal quotations and citations omitted).  Simply put,

Defendant has not met this burden.

## II.  Motion To Amend Should Be Granted

Defendant moves to amend his § 2255 motion to raise a claim under *Apprendi v. New

Jersey,* 530 U.S. 466, 120 S. Ct. 2348 (2000).  An application for a writ of habeas corpus "may

be amended or supplemented as provided in the rules of procedure applicable to civil actions"

under 28 U.S.C. § 2242.   "The liberal granting of motions [under FED.R.CIV.P. 15(a)] reflects

the basic policy that pleading should enable a claim to be heard on its merits."  *Calderon v.

Kansas Dept. of Social & Rehabilitation Servs.,* 181 F.3d 1180, 1186 (10th Cir. 1999).  The

United States does not object to amendment, arguing instead that the *Apprendi* claim should be

denied on its merits.  Therefore, I find that the motion should be granted.  *See e.g., Doe v. United

States,* 112 F. Supp. 2d 398, 402 (D.N.J. 2000) (granting motion to amend although *Apprendi*

claim ultimately found without merit).

### III.  *Apprendi* Claim Should Be Rejected

#### A.  Retroactive Application of *Apprendi* on Collateral Review is Unsettled

A preliminary question is whether *Apprendi* applies retroactively to cases on collateral review.  Generally new constitutional rules of criminal procedure only apply retroactively "to all cases, state or federal, pending on direct review or not yet final."  *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).  I have found one decision that considers *Apprendi* a "substantive" rule and, therefore, not subject to the retroactivity analysis.  *Darity v. United States,* ___ F. Supp. 2d ___, 2000 WL 1804737 (W.D.N.C. 10/25/00).  Other decisions consider *Apprendi* to be a new procedural rule, but reach different conclusions as to its retroactivity.

The amendments to Title 28 governing statutes of limitation and successive petitions suggest that an *Apprendi* claim is not available to cases on collateral review until the Supreme Court applies it retroactively to a case involving collateral review.[1]  A recent unpublished Tenth Circuit decision notes one of these cases.  *United States v. Quarterman*, 2000 WL 1862684 at n.5 (10th Cir. 12/20/00) (citing *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000).

This case does not involve a successive or untimely petition.  Under *Teague v. Lane*, 489 U.S. 288 (1989), a new rule of criminal procedure applies to cases on collateral review only if the rule falls within one of the two narrow exceptions: (1) a rule that "places certain kinds of primary,

---

[1]  *See* 28 U.S.C. §§ 2244(b)(2)(A); 2244(d)(1), 2255 (statute of limitations runs from the "latest" of several options, one of which is "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" similar language limiting successive petitions); *see also In re Joshua*, 224 F.3d at 1283 (11th Cir. 2000); *Sustache-Rivera v. United States,* 221 F.3d 8, 15-17 (1st Cir. 2000), *petition for cert. filed 10/23/00; Talbott v. State of Indiana,* 226 F.3d 866, 868-869 (7th Cir. 2000).

private individual conduct beyond the power of the criminal-law making authority to proscribe," or (2) a rule that "requires the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Tillman v. Cook,* 215 F.3d 1116, 1121 (10th Cir. 2000), *cert. denied,* 2000 WL 1578177 (12/11/00).  Clearly, the first exception does not apply to the rule announced in *Apprendi.*

To qualify under the second *Teague* exception, the new rule must both "relate to the accuracy of the conviction" and "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  *Id.*  I have located only one federal court decision finding *Apprendi* falls within the second exception. *See United States v. Murphy,* 109 F. Supp. 2d 1059 (D. Minn. 2000).  Other decisions hold it does not.[2]  However, since the panel in *Quarterman* addressed an *Apprendi* claim in the context of a pending § 2255 petition, and because neither party has briefed the issue, I will address the viability of the *Apprendi* claim here as well.

## B.  *Apprendi* Does Not Apply

Even if *Apprendi* were to apply retroactively to this conviction, it does not afford a basis for relief.  *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime **beyond the prescribed statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 466 at ___, 120 S. Ct. at 2362-63

---

[2] *See Jones v. Smith,* 231 F.3d 1227 (9th Cir. 2000) (declining to apply *Apprendi* retroactively "insofar as it effects discrepancies between an information and jury instructions"); *United States v. Brown,* 2000 WL 1880280 (N.D. Tex. 12/28/00) (denying motion to amend first § 2255 petition because *Apprendi* does not apply retroactively); *United States v. Johnson,* ___ F. Supp. 2d ___, 2000 WL 1801401 (D. Neb. 12/7/00) (*Apprendi* does not apply retroactively under *Teague*); *United States v. Joseph,* 2000 WL 1789989 (E.D. La. 12/5/00) (same); *United States v. Pittman,* ___ F. Supp. 2d ___, 2000 WL 1708962 at *5 (D. Or. 11/15/00) (same).

(emphasis added).  Thus, the first question must be whether the sentence imposed exceeded the statutory maximum penalty as set forth in 21 U.S.C. § 841(b).

The appropriate "statutory maximum" must be ascertained carefully.[3]  Where, as here, the drug at issue is cocaine, the relevant statutory maximum is the twenty-year limit set forth in § 841(b)(1)(C) for "unspecified" amounts of Schedule I and II drugs.

> We conclude the quantity of drugs involved in a violation of § 841 is an essential element of the offense *if* that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B).  A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C.  841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.  *See United States v. Kovach*, 208 F.3d 1215, 1218 (10th Cir. 2000) ("To pass constitutional muster, an indictment must contain all the essential elements of the charged offense.").

*United States v. Jones*, ___ F.3d ___, 2000 WL 1854077 (10th Cir. 2000) (cocaine base) (emphasis added); *see also Quarterman*, 2000 WL 1862684 (10th Cir. 12/20/00) (unpublished) (methamphetamine and LSD); *but see United States v. Hishaw*, ___ F.3d ___, 2000 WL 1862788 (10th Cir. 2000) (indictment charged § 841(b)(1)(A) amount, but amount defendant admitted at trial to possessing was governed by § 841(b)(1)(B) and sentence fell within that maximum).  In the case at bar, the quantity of cocaine possessed was not submitted to the jury.  However, Defendant's seven-year sentence falls within the "catch-all" statutory maximum for which no quantity is specified, thereby rendering *Apprendi* inapplicable.

The Court must also analyze whether the imposed four-year term of supervised release

---

[3]  The applicable statutory maximum is both "drug dependent" and "quantity dependent." *See Jones, supra; Hishaw, supra; United States v. Keeling*, ___ F.3d ___, 2000 WL 1843242 (10th Cir. 12/15/00).

falls within the new rule announced by *Apprendi*.  Because the twenty-year imprisonment statutory maximum applies, Defendant was convicted of a Class C felony.  *See* 18 U.S.C. § 3559(a)(3) (less than twenty-five years but more than ten years imprisonment).  The "general" provision, 18 U.S.C. § 3583(b)(2), authorizes the imposition of a term of supervised release not to exceed three years "except as otherwise provided."  One circuit has held in an *Apprendi* analysis that § 3583 provides the statutory maximum term of supervised release allowable absent some showing of drug amount.  *See United States v. Meshack,* 225 F.3d 556, 576 (5th Cir. 2000), *petition for cert. filed 11/26/00.*

> Prior to *Apprendi*, however, the Tenth Circuit concluded that § 841(b)(1)(C) provides only a minimum term of supervised release, and that any term over that minimum may be imposed notwithstanding the provisions of § 3583(b)(2).  *See United States v. Orozco-Rodriguez*, 60 F.3d 705, 707-08 (10th Cir. 1995) ("we hold § 3583(b)(2) does not limit to three years the supervised release term imposed under § 841(b)(1)(C)").  In a very recent post-*Apprendi* opinion, the Tenth Circuit reiterated that neither § 3583(b)(2) nor U.S.S.G. § 5D1.2(a) restrict § 841(b) penalty provisions from establishing longer terms of supervised release.  *See United States v. Heckard*, __ F.3d __, 2001 WL 15532 (10th Cir. 1/8/2001).  Because Hernandez-Muniz received a sentence of imprisonment and term of supervised release that did not exceed the statutory maximums set out in 21 U.S.C. § 841(b)(1)(C), *Apprendi* offers Defendant no relief.

> Wherefore,

IT IS HEREBY RECOMMENDED THAT Defendant's motion to amend be granted but that his claims be found without merit.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE